IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 13-97-LPS |
| ) | |
| KIRK A. SIMMONS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

1. On September 24, 2013, a grand jury returned a two count-indictment against Defendant Kirk A. Simmons ("Defendant") for attempted enticement and coercion of a minor, a violation of 18 U.S.C. § 2422(b), and attempted production of child pornography, a violation of 18 U.S.C. § 2251(a) and (e). (D.I. 11, 12) Defendant subsequently entered a plea of guilty to Count I of the indictment on February 24, 2014. (D.I. 28) The Court sentenced Defendant to the mandatory minimum amount of incarceration of 120 months followed by 72 months supervised release to commence upon his release from incarceration. (D.I. 41)

2. From the time Defendant has been incarcerated, he has filed several motions and letter requests with the Court. (*See* D.I. 42, 48, 56, 57, 66, 67, 72, 73) Aside from his pending Motion to Vacate his Sentence Pursuant to Section 2255 (D.I. 56), most of Defendant's remaining requests have been for copy work, which the Court has furnished without cost pursuant to the Criminal Justice Reform Act. On November 9, 2015, Defendant filed his first request for disclosure of grand jury transcripts. (D.I. 65) For the reasons stated in the government's Letter

1

in opposition, the Court denied Defendant's request. (D.I. 70) Specifically, "Federal Rule of Criminal Procedure 6(e) prohibits the disclosure of 'a matter occurring before the grand jury' unless a specified exception to this 'secrecy' obligation applies." (D.I. 69 at 1)

3. On December 11, 2015, Defendant filed a second request for disclosure of grand jury transcripts. (D.I. 73) It appears that Defendant bases his request on multiple contentions that the government "lied to [the] court" and "falsified evidence." (*Id.*) Defendant essentially argues that if the government was willing to lie to the Court, it was willing to lie to the grand jury. (*Id.*) He further opines that the criminal complaint, sworn before a United States Magistrate Judge, was based upon "falsified evidence." (*Id.*)

4. On December 14, 2015, the government filed a response in opposition to Defendant's latest request for disclosure of grand jury transcripts. (D.I. 75) The government notes that Defendant's request is devoid of a legal basis to disclose the transcripts under Federal Rule of Criminal Procedure 6(e). (*Id.*) The government also incorporates its opposition to Defendant's Section 2255 Motion, arguing that there was an overwhelming factual basis for his guilty plea, and further that his guilty plea "forecloses his argument that his constitutional rights were violated by his state arrest and interview by [Delaware State Police] officers." (*Id.*)

5. Federal Rule of Criminal Procedure 6(e) provides:

> The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:
>
> > (i) preliminarily to or in connection with a judicial proceeding;
> >
> > (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because

>of a matter that occurred before the grand jury;
>
>(iii) at the request of the government, when sought by a foreign court or prosecutor for use in an official criminal investigation;
>
>(iv) at the request of the government if it shows that the matter may disclose a violation of State, Indian tribal, or foreign criminal law, as long as the disclosure is to an appropriate state, state-subdivision, Indian tribal, or foreign government official for the purpose of enforcing that law; or
>
>(v) at the request of the government if it shows that the matter may disclose a violation of military criminal law under the Uniform Code of Military Justice, as long as the disclosure is to an appropriate military official for the purpose of enforcing that law.

6. "As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir.1989); *see also Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 220 (1979). The party seeking disclosure must show that: (1) the material is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for secrecy; and (3) the request is structured to cover only material that is needed. *See Douglas Oil Co.*, 441 U.S. at 222. Hence, Defendant has the burden of establishing that disclosure is permissible pursuant to Rule 6(e). *See, e.g., United States v. Smith*, 126 F.3d 140, 148 (3d Cir. 1998).

7. Defendant's request for disclosure is DENIED. Courts have "consistently [] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co.*, 441 U.S. at 222. Under Rule 6(e), Defendant "must

show that the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the[] request is structured to cover only material so needed." *Id.* He has failed to meet this burden. Defendant admitted at the change of plea hearing that he "reached out on the Internet to an advertisement that unfortunately turned out to be an undercover police officer, but we talked about meeting and having sex with his daughter." (D.I. 58 at 19-20) He further stated that he "thought [he] was communicating with the father who was making this arrangement." (*Id.*) Given Defendant's admissions of guilt and vague claims against the government as his basis for disclosure, Defendant has not met his burden to show an injustice will occur in another proceeding absent disclosure of grand jury material, or that the need for disclosure is greater than the need for continued secrecy.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Letter request for disclosure of grand jury transcripts (D.I. 73) is DENIED.

January 13, 2016
WILMINGTON, DELAWARE

Hon. Leonard P. Stark
UNITED STATES DISTRICT JUDGE