IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KIRK A. SIMMONS, | : | |
| | : | |
| Movant/Defendant, | : | |
| | : | |
| v. | : | Civ. Act. No. 15-549-LPS |
| | : | Cr. Act. No. 13-97-LPS |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |

**MEMORANDUM**

I. **INTRODUCTION**

Movant Kirk A. Simmons ("Movant") has filed a Motion for a Bill of Particulars (D.I. 104) and a Rule 60(b) Motion to Reopen/Reconsider his § 2255 Proceeding (D.I. 107) ("Rule 60(b) Motion"). For the reasons discussed, the Court will deny both Motions.

II. **BACKGROUND**

On February 3, 2017, the Court denied in its entirety Movant's § 2255 Motion challenging his 2014 convictions for attempted coercion and enticement of a minor (18 U.S.C. § 2422(b)). (D.I. 28; D.I. 58) Movant appealed that decision and, on April 28, 2017, the Third Circuit Court of Appeals terminated Movant's appeal after denying his request for a certificate of appealability. (D.I. 100)

On June 25, 2018, Movant filed in this Court a Motion for a Bill of Particulars, asking the Court to order the Government to provide a Bill of Particulars that "itemizes and lists those evidences [sic] transferred to defense counsel during discovery in the above captioned criminal case." (D.I. 104) Movant asserts he needs this evidence to demonstrate that the Government did

not provide him with Exhibit 4[1] during discovery in his criminal proceedings. He also contends that the Government's failure to provide Exhibit 4 supports an argument he wishes to raise in a Rule 60(b) motion, namely, that his rights were violated under *Brady v. Maryland*, 373 U.S. 83 (1963). (D.I. 104) The Government responds that the Court should deny the Motion for a Bill of Particular for two reasons. (D.I. 105) First, the Government notes that the request was not filed within a reasonable time, since it was filed almost four years after Movant was sentenced and more than a full year after his § 2255 Motion was denied. (D.I. 105 at 2) Second, the Government asserts that Movant incorrectly alleges that he never received the requested information, which the Government insists it provided Movant "during the normal course of discovery on October 11, 2013." (D.I. 105 at 2-3)

On August 29, 2018, Movant filed in the Court of Appeals for the Third Circuit an Application for Leave to File a Second or Successive § 2255 Motion ("Application for Second/Successive Motion Authorization"), on the ground that new evidence (including Exhibit 4) came to light during his § 2255 proceeding. *See In re Simmons*, No. 18-2904, Application (3rd Cir. Aug. 29, 2018). Movant contended that this new evidence supports the claims he raised in his original § 2255 Motion, and also that the new evidence demonstrates his decision to plead guilty was not fully informed, due to the Government's *Brady* violation. *Id.* at 60. The Third Circuit denied the Application for Second/Successive Motion Authorization on September 13, 2018. *See In re Simmons*, No. 18-2904, Order (3rd Cir. Sept. 13, 2018).

---

[1] Exhibit 4 "contains incriminating conversations between [Movant] and an undercover detective in which [Movant] discusses his clear intent to violate 18 U.S.C. § 2422(b)." (D.I. 105 at 1) The Government provided Exhibit 4 to the Court and Movant during Movant's § 2255 proceeding.

On October 26, 2018, Movant filed in this Court a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(2), (3) and (6), asking the Court to reconsider its denial of his § 2255 Motion because the Government did not provide him with Exhibit 4 in his criminal proceeding during the pre-plea period. (D.I. 107 at 9-10) According to Movant, the Government has falsely stated that it provided Exhibit 4 to Movant during discovery. He also contends that the Government intentionally presented a falsified version of the facts during the pre-plea period in order to "substantially interfere" with Movant's ability to "fully and fairly articulate an entrapment defense and proceed to trial." (D.I. 107 at 10)

## IV.   LEGAL STANDARDS

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Pursuant to Rule 60(b)(2), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" "for [] newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Pursuant to Rule 60(b)(3), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" "for fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Finally, pursuant to the catch-all provision of Rule 60(b)(6), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" "for any other reason that justifies relief." A court may grant a Rule 60(b) motion only in extraordinary circumstances,[1] and in such a motion it is not appropriate to reargue issues that the

---

[1] *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion for reconsideration after it has denied a movant's § 2255 motion, the Court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals; absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. §§ 2244(a) and 2255(h); Rule 9 of the Rules Governing Section 2255 Cases in the United States District Court, 28 U.S.C. foll. § 2255; *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV. DISCUSSION

### A. Rule 60(b) Motion for Reconsideration

In his Motion for Reconsideration, Movant asserts that the Court should vacate his conviction because the Government did not provide him with Exhibit 4 during his criminal proceeding. More specifically, Movant contends that Exhibit 4 constitutes newly-discovered evidence for the purposes of Rule 60(b)(2), and that the Exhibit supports the claims for relief he presented in his original § 2255 Motion. (D.I. 107 at 6-8) Relatedly, Movant contends that the Court should also grant relief under Rule 60(b)(3), because the Government committed "widespread

4

and deliberate" fraud during his criminal proceedings in order to "substantially interfere" with his ability to "fully and fairly articulate an entrapment defense and proceed to trial." (D.I. 107 at 10)

The arguments in Movant's Rule 60(b) Motion attack his underlying conviction and not the manner in which the Court's denial of his § 2255 Motion was procured. Consequently, the Court must treat the Motion as a second or successive § 2255 Motion. It appears that Movant presented these same arguments to the Third Circuit in his September 2018 Application for Second/Successive Motion Authorization, and the Third Circuit denied that request. There is no indication that Movant has obtained authorization to file a second or successive § 2255 motion from the Third Circuit since its 2018 denial. Therefore, the Court will dismiss the instant Rule 60(b) Motion for lack of jurisdiction.[2] *See* Rule 9, 28 U.S.C. foll. § 2254; 28 U.S.C. § 2244(b)(1).

### B. Motion for a Bill of Particulars

In his Motion for a Bill of Particulars, Movant asks the Court to order the Government to itemize the evidence it provided to defense counsel during discovery in his underlying criminal proceeding. Movant asserts that this information would demonstrate that the Government did not provide him with Exhibit 4 during his criminal proceeding, and also that the information supports the arguments in his Rule 60(b) motion.

Having already determined that it lacks jurisdiction over Movant's Rule 60(b) Motion, the Court will dismiss as moot the instant Motion for a Bill of Particulars. Alternatively, even if the Motion were not moot, the Court would deny the Motion as factually baseless because the

---

[2]The Court concludes that it would not be in the interest of justice to transfer the instant Motion to the Court of Appeals for the Third Circuit, because nothing in the Motion comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).

5

Government provided the information contained in Exhibit 4 to Movant during the discovery phase of his criminal proceeding. (*See* D.I. 105 at 2-3)

### C. Motion for Status Report or Hearing

In October 2019, Movant filed a Motion for a Status Report and/or Hearing for his Rule 60(b) Motion. (D.I. 111) Having decided that it must deny the Rule 60(b) Motion for lack of jurisdiction, the Court will dismiss as moot the Motion for Status Report and/or Hearing.

## V. CONCLUSION

For the aforementioned reasons, the Court concludes that the instant Rule 60(b) Motion constitutes an unauthorized second or successive § 2255 Motion under 28 U.S.C. § 2244 and § 2255(h). Therefore, the Court will dismiss the Rule 60(b) Motion for lack of jurisdiction. Relatedly, the Court will also decline to issue a certificate of appealability, because Movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). Finally, the Court will dismiss as moot Movant's Motions for a Bill of Particulars and a Status Report/Hearing. A separate Order will be entered.

May 7, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE